## UNITED STATES DISTRICT COURT

## DISTRICT OF MAINE

| | |
|---|---|
| **BRUCE ENGERT,** ) | |
| ) | |
| **PLAINTIFF** ) | |
| ) | |
| **v.** ) | **CIVIL NO. 2:20-CV-145-DBH** |
| ) | |
| **GINA RAIMONDO,** *Secretary,* ) | |
| *U.S. Department of Commerce,* ) | |
| ) | |
| **DEFENDANT** ) | |

## PROCEDURAL ORDER

The defendant has filed a "motion to dismiss or, in the alternative, transfer."

Count I of the plaintiff's Complaint lies under Title VII.  It is indisputable that Title VII has a special venue statute, 42 U.S.C. § 2000e-5(f)(3), and that the District of Maine does not qualify for venue for this claim under that statute. But the Complaint also has other claims that are not under Title VII.

When a complaint has more than one claim, some districts hold "that when one claim is subject to a specific venue provision, and the other is not, the more specific venue provision controls." Lengacher v. Reno, 75 F. Supp. 2d 515, 519 (E.D. Va. 1999) (citing cases); see 14D C. Wright & A. Miller, Federal Practice and Procedure §§ 3808, 3825 (4th ed.).  Others identify which is the "primary"

claim and allow that claim to control venue.  Id.  The parties have cited no First Circuit cases on this issue, known as "pendent venue."[1]

Under either approach, however, I conclude that the Title VII venue provision controls here.  First, the Title VII claim is subject to a specific venue provision and the other claims are not.  Second, I read the plaintiff's Complaint here as making his Title VII claim—"subjecting him to discrimination, disparate treatment, and retaliation, including a hostile work environment, pretextual disciplinary actions, and wrongfully discharging him," Compl. ¶ 49—his primary claim.  It is true that he adds a whistleblower retaliation count and counts for intentional and negligent infliction of emotional distress, but they are all based on a common core of underlying facts.  Transfer of venue is therefore appropriate. See Holley v. Wilkie, No. 2:18-cv-00350-JAW, 2019 WL 2343839 (D. Me. June 2, 2019), R. & R. adopted, 2019 WL 3554692 (D. Me. Aug. 5, 2019).

Both parties seem to agree that venue would be proper in the Districts Rhode Island, Eastern Virginia, and District of Columbia.  Def.'s Mot. at 16[2]; Pl.'s Obj. at 6.  But neither party has requested a particular district for transfer.  As Bartel v. Federal Aviation Administration stated: "Since several other districts

---

[1] Relevant to Title VII, Wright & Miller says:

> The clear majority view is that the venue provisions of Title VII are exclusive, so the general venue provisions of Section 1391(b) do not apply.  Although some federal courts have allowed litigants to apply the judicially created doctrine of pendent venue to Title VII suits.  Most courts avoid this result, however, either by ruling that pendent venue does not apply to claims governed by narrow venue provisions or by ruling that the Title VII claim always is the principal claim in an employment discrimination suit, so that a Title VII claim cannot be appended to any other supposedly "principal" claim for venue purposes.

14D C. Wright & A. Miller, Federal Practice and Procedure § 3825, at 468-70 (footnotes omitted).

[2] The defendant equivocates somewhat ("[c]learly . . . proper in the District of Rhode Island"; "likely . . . proper in the District of the District of Columbia or the Eastern District of Virginia"). Def.'s Mot. at 16.

2

may be proper venues for the assertion of plaintiff's Title VII claim, it is appropriate that the Court afford plaintiff the initial choice as to which of the available forums is the most appropriate one in which to litigate his claim." 617 F. Supp. 190, 198 (D.D.C. 1985).

Accordingly, the plaintiff shall inform the Court by May 27 which district it seeks for transfer in place of Maine and the defendant shall respond with any objection by June 3.

SO ORDERED.

DATED THIS 20ST DAY OF MAY, 2021

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**